**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DONALD N. MONTOYA,<br>       Plaintiff,<br><br>       v.<br><br>ANDREW SAUL, Commissioner of the<br>Social Security Administration,<br>       Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 2:18-CV-16-JEM<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Donald Montoya on January 12, 2018, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 14], filed July 19, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On August 29, 2018, the Commissioner filed a response, and on September 27, 2018, Plaintiff filed a reply.

**I.    Background**

Plaintiff was previously found disabled as of September 2, 2010, in a determination dated June 21, 2011, but on November 3, 2014, it was determined that as of November 1, 2014, Plaintiff was no longer disabled. This determination was upheld initially and upon reconsideration. On January 23, 2017, Administrative Law Judge ("ALJ") Jennifer Smiley held a video hearing, at Plaintiff, with an attorney, and a vocational expert ("VE") testified. On February 22, 2017, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant's date last insured is December 31, 2015.

2.    The most recent favorable medical decision finding that the claimant was disabled is the determination dated June 21, 2011. This is known as the

1

"comparison point decision" ("CPD").

3. At the time of the CPD, the claimant had the following medically determinable impairments: cell-mediated immunity defect and mycobacterium tuberculosis.

4. Through December 31, 2015, the claimant's date last insured, the claimant did not engage in substantial gainful activity.

5. The medical evidence establishes that, from November 1, 2014 to the date last insured, the claimant had the following severe medically determinable impairments: psoriatic arthritis; joint dysfunction; degenerative disc disease; and obesity.

6. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equal the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

7. Medical improvement occurred on November 1, 2014.

8. The medical improvement is related to the ability to work because, by November 1, 2014, the claimant's CPD impairments no longer met or medically equaled the same listing(s) that was met at the time of the CPD.

9. From November 1, 2014 to December 31, 2015, the claimant continued to have a severe impairment or combination of impairments.

10. Through the date last insured, the claimant had the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except he could lift ten pounds occasionally. He would need an option to stand for five minutes after every thirty minutes of sitting, but could remain on task while standing. He could never reach above the shoulder level with his dominant left arm. He could do no more than frequent handling and fingering bilaterally. He could occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds. He could occasionally balance, never crawl.

11. From November 1, 2014, through December 31, 2015, the date last insured, the claimant was unable to perform past relevant work.

12. From November 1, 2014, through December 31, 2015, the claimant was a younger individual age 45-49.

13. The claimant has at least a high school education and is able to communicate in English.

14. Since November 1, 2014, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

15. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity based on the impairments present since November 1, 2014, the claimant was able to perform a significant number of jobs in the national economy.

16. The claimant has not been under a disability, as defined in the Social Security Act, since December 20, 2013, the date the application was filed.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the

evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

4

**III.    Analysis**

Plaintiff argues that the ALJ erred in evaluating Plaintiff's subjective complaints, failed to support the RFC assessment with substantial evidence, improperly weighed medical opinions, and erred in finding that Plaintiff's depression was not a severe impairment. In particular, Plaintiff argues that the ALJ failed to properly weigh the medical opinion of Plaintiff's treating doctor, Dr. Majid Serushan, M.D. The Commissioner argues that the ALJ considered the opinion and reasonably gave it little evidentiary weight based on the totality of the evidence.

"A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Gudgel*, 345 F.3d at 470 (citing 20 C.F.R. § 404.1527(d)(2)); *see also Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013) ("While the ALJ is right that the ultimate question of disability is reserved to the Commissioner, a treating physician's opinion that a claimant is disabled 'must not be disregarded.'") (quoting SSR 96-5p, 1996 SSR LEXIS 2 at *15, 1996 WL 374183, at *5 (July 2, 1996)) (citing 20 C.F.R. § 416.927(e)(2)); *Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it.").

If the ALJ declines to give a treating source's opinion controlling weight, she must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which

an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6); *see also Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008). "If the ALJ discounts the [treating] physician's opinion after considering these factors, [the Court] must allow that decision to stand so long as the ALJ 'minimally articulated' [her] reasons." *Elder,* 529 F.3d at 415 (quoting *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008)); *see also Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) ("[W]henever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision."); *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007) ("An ALJ thus may discount a treating physician's medical opinion if it . . . 'is inconsistent with the opinion of a consulting physician or when the treating physician's opinion is internally inconsistent, as long as he minimally articulates his reasons for crediting or rejecting evidence of disability.'") (quoting *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004)).

Plaintiff's treating rheumatologist completed a medical statement stating that Plaintiff had inflammation in his left hand, left shoulder, right hand, and right ankle. The physician opined that Plaintiff suffered from significant fatigue and had marked limitations in activities of daily living, marked limitations in maintaining social functioning, and marked limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence or pace. He also opined that Plaintiff could stand for fifteen minutes at a time, could not sit, could not work any hours in a day, could never lift, could occasionally bend, and could never stoop. AR 902. The ALJ stated that he gave the opinion "little weight as it is not consistent with the record as a whole," but did not identify any portion of the record that contradicted the physician's statements about Plaintiff's physical limitations. AR 29. He noted that Plaintiff's "mental status examinations have been benign" and summarily concluded that the other evidence of record does not support the physician's statement.

As Plaintiff argues, the ALJ failed to identify the length and frequency of the treatment

relationship or the physician's specialty. *See* 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist."). Although the ALJ need not explicitly discuss and weigh each factor, the ALJ must still consider the factors in 20 C.F.R. § 416.927(c) and "minimally articulate" his reasoning. *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008); *Collins v. Berryhill*, 743 Fed. Appx. 21, 25 (7th Cir. 2018). The medical opinion was drafted by Plaintiff's treating rheumatologist, a fact the ALJ did not acknowledge, and the Court is unable to follow the ALJ's reasoning in her decision to discount the opinion of Plaintiff's treating physician regarding Plaintiff's physical limitations because of benign mental status examinations.

The ALJ did not discuss the rheumatologist's many treatment notes, test results, and multiple prescriptions in attempt to treat Plaintiff's pain, did not analyze the treating relationship, and failed to identify the factors which should have favored giving greater, if not controlling, weight to the treating specialist. "Since the ALJ does not indicate that [s]he evaluated these factors, the Court is unable to assess whether the ALJ properly assigned minimal weight to the treating physicians' opinions. Accordingly, a remand is necessary." *Barbarigos v. Berryhill*, No. 17 C 3234, 2019 WL 109373, at *11 (N.D. Ill. Jan. 4, 2019) (citing *Campbell v. Astrue*, 627 F.3d 299, 308 (7th Cir. 2010)).

The ALJ also discounted a medical source statement from the office of Dr. Thapar, M.D., Plaintiff's treating mental health practitioner, in large part because a nurse practitioner filled out the form based on the treatment records. Although at the time of the decision the relevant Regulation classified a nurse practitioner as not an "acceptable medical source" whose opinion would be entitled to controlling weight. *See* 20 CFR § 404.1513(a) (prior version; amended effective Mar. 27, 2017). However, for all claims filed prior to March 27, 2017, the ALJ was required to consider

7

"all relevant evidence in an individual's case record," including opinions "from medical sources who are not 'acceptable medical sources,'" SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006), and must apply the same criteria to determine the weight given their opinions as is applied to the opinions of "acceptable medical sources." *See Phillips v. Astrue*, 413 Fed. Appx. 878, 884 (7th Cir. 2010) ("In deciding how much weight to give to opinions from these 'other medical sources,' an ALJ should apply the same criteria listed in § 404.1527(d)(2)."). The ALJ did not consider whether the opinion may have been that of the treating physician, as represented on the form, and discounted the opinion for its use the term "limited," since it is "vague" and "not in vocationally specific language." However, the medical provider completed a mental medical source statement form, including narrative sections and checkboxes, with the term "limited" used as a checkbox option, with its meaning defined by the form itself. The Court is unable to determine whether the ALJ appropriately assigned little weight to the mental health assessment completed by Plaintiff's treating provider.

The Court's concerns with the ALJ's analysis also extend to the ALJ's assessment of Plaintiff's reported limitations. Plaintiff argues that the ALJ's analysis of Plaintiff's subjective complaints was insufficient. The Commissioner argues that the ALJ's findings are supported by the record.

When weighing a claimant's subjective symptoms, the ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL 5180304, 2016 SSR LEXIS 4 (Oct. 25, 2017). A finding of disability cannot be supported by subjective allegations of disabling symptoms alone. *Id.* Instead, the ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the factors listed in 20 C.F.R. § 416.929(c)(3). The ALJ

8

is not permitted to

> make a single, conclusory statement that 'the individual's statements about his or her symptoms have been considered' or that 'the statements about the individual's symptoms are (or are not) supported or consistent.' It is also not enough for [ALJs] simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision must contain *specific reasons* for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the [ALJ] evaluated the individual's symptoms.

SSR 16-3p, 2017 WL 5180304 at *9 (emphasis added).

In this case, the ALJ concluded that Plaintiff's report of his symptoms "are not entirely consistent with the objective medical and other evidence for the reasons explained in this decision." AR 26. However, she failed to address or even acknowledge Plaintiff's limitations in his ability to complete basic daily activities. Plaintiff reported that his left arm pain limits his ability to dress himself, bathe, care for his hair, shave, feed himself, and use the bathroom. AR 55, 61, 254, 264. Plaintiff testified that he could make himself a sandwich or grab a piece of fruit, but that otherwise he could not complete household chores. AR 60. He testified to struggling with putting his ankle brace and shoes on. AR 61. The ALJ's only discussion of Plaintiff's daily activities was a statement that "[t]here is no indication the claimant has any limitation in activities of daily living," as a reason to discount the opinion of Plaintiff's treating rheumatologist. Not only is this another demonstration of the inadequacies of the ALJ's assessment of the specialist's statement, but it is also an inadequate analysis of Plaintiff's limitations, completely ignoring the requirement that she take into account Plaintiff's activities of daily living, as well as omitting any analysis of his numerous prescription medications and possible side effects, in contravention of the Agency Regulations. *See, e.g., Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("[A]n ALJ must consider several factors, including the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, treatment,

9

and limitations, and justify the finding with specific reasons.") (citing 20 C.F.R. § 404.1529(c); other citations omitted); *see also Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain."); *Zurawski*, 245 F.3d at 887 (remanding when the ALJ failed to "explain[] the inconsistencies" between a claimant's activities of daily living, his complaints of pain, and the medical evidence) (citing *Clifford,* 227 F.3d at 870-72).

The ALJ failed to comply with the requirements of the Regulations. She failed to address the factors to be considered in analyzing the statements of Plaintiff's treating rheumatologist and mental health provider, and failed to mention, let alone analyze, Plaintiff's reported limitations in activities of daily living and the effects of his numerous prescription medications. On remand, the ALJ is directed to thoroughly analyze the evidence in the record, in accordance with Agency requirements, and build a 'logical bridge' between the evidence and her conclusion.

## IV.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 14], and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 14th day of August, 2019.

                                             s/ John E. Martin
                                             MAGISTRATE JUDGE JOHN E. MARTIN
                                             UNITED STATES DISTRICT COURT

cc:  All counsel of record